UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                     Case No. 15-45780

JASON WYLIE GILBERT,                     Chapter 7

                Debtor.                                  Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S MOTION
FOR STAY PENDING APPEAL**

**I. Introduction**

      This case is before the Court on the Debtor's motion for a stay pending appeal. For the reasons stated below, the Court will deny the motion.

      On September 14, 2015, the Court entered an order, which, in relevant part (1) dismissed this case; (2) barred the Debtor "from filing any new case under the Bankruptcy Code, . . . unless and until he first pays in full the $598.00 filing fees owing for Case Nos. 09-46016 and 09-56797;" and (3) directed the Clerk "not to accept for filing any further bankruptcy petition(s) by or on behalf of the Debtor, unless and until he first pays in full the $598.00 filing fees owing for Case Nos. 09-46016 and 09-56797."[1] On September 15, 2015, Debtor filed a notice of appeal of the Dismissal Order.[2] Almost two months later, on November 9, 2015, Debtor filed a motion seeking a stay pending appeal of the Dismissal Order (the "Stay Motion").[3] The Stay Motion came to the Court's attention on November 12, 2015, when Debtor's counsel first submitted a

---

    [1] *See* "Order Dismissing Case, and Barring Debtor From Filing Another Bankruptcy Case Unless and Until the Debtor Pays in Full the Filing Fees for Case Nos. 09-46016 and 09-56797" (Docket # 39, the "Dismissal Order").

    [2] Docket # 40.

    [3] Docket # 48.

proposed order.

## II. Discussion

### A. The relevant factors

The Stay Motion is governed by Fed.R.Bankr.P. 8007, which states that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed.R.Bankr.P. 8007(a)(1)(A). This rule also states:

> Despite Rule 7062 and subject to the authority of the district court,
> BAP, or court of appeals, the bankruptcy court may:
>
> (1) suspend or order the continuation of other proceedings in the case; or
>
> (2) issue any other appropriate orders during the pendency of an
> appeal to protect the rights of all parties in interest.

Fed.R.Bankr.P. 8007(e).

The factors that courts must apply in determining whether to grant a stay pending appeal were discussed in *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). In *Griepentrog,* the Sixth Circuit held:

> In determining whether a stay should be granted under
> Fed.R.Civ.P. 8(a), we consider the same four factors that are
> traditionally considered in evaluating the granting of a preliminary
> injunction. These well-known factors are: (1) the likelihood that
> the party seeking the stay will prevail on the merits of the appeal;
> (2) the likelihood that the moving party will be irreparably harmed
> absent a stay; (3) the prospect that others will be harmed if the
> court grants the stay; and (4) the public interest in granting the stay.
> These factors are not prerequisites that must be met, but are
> interrelated considerations that must be balanced together.
>
> Although the factors to be considered are the same for both a
> preliminary injunction and a stay pending appeal, the balancing
> process is not identical due to the different procedural posture in
> which each judicial determination arises. Upon a motion for a

preliminary injunction, the court must make a decision based upon "incomplete factual findings and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.

Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility

3

> that adequate compensatory or other corrective
> relief will be available at a later date, in the ordinary
> course of litigation, weighs heavily against a claim
> of irreparable harm.
>
> In addition, the harm alleged must be both certain and immediate,
> rather than speculative or theoretical. In order to substantiate a
> claim that irreparable injury is likely to occur, a movant must
> provide some evidence that the harm has occurred in the past and is
> likely to occur again.

*Id.* (citations omitted); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012)(*per curiam*); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). Debtor, as the moving party, bears the burden of establishing by a preponderance of the evidence that he is entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). "[A] court's decision to [grant or] deny a [stay pending appeal] is highly discretionary." *Id.* (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

### B. Consideration of the relevant factors

The Court concludes that Debtor has not satisfied his burden, and that a stay pending appeal should not be granted.

### 1. Factor No. 1 (Debtor's likelihood of success on appeal)

With respect to the first stay factor, Debtor's Stay Motion states: "The Debtor has filed an appeal in good faith, predicated on an analysis of case law, practice, and statues. The issues presented have not been ruled on previously and the Appellant believes that their appeal has merit."[4] Debtor's good faith belief that he will prevail on the merits of the appeal, without more,

---

[4] Stay Mot. (Docket # 48) at 2 ¶ 7.

is insufficient. Debtor's Stay Motion does not cite any specific cases, statutes, or rules which support his position.

Contrary to Debtor's belief, the Court concludes that Debtor's likelihood of prevailing on the merits of his appeal is very low. This is so for the reasons stated in the Court's bench opinion of May 6, 2015 and in the written supplement to that opinion filed the next day. Based on the statutes cited in the Court's May 7, 2015 written supplement (Docket # 17) — 11 U.S.C. §§ 105(a) and 707(a)(2), and 28 U.S.C. § 1930(a) — the Court concludes that it committed no error in entering the Dismissing Order. Debtor's argument — that the Court could not dismiss this case for unpaid filing fees in *prior* cases, as long as the Debtor paid the filing fee for *this* case — is simply wrong, and Debtor has cited no authority that supports his argument.

Thus, the first stay factor weighs strongly against granting a stay pending appeal.

The Court's conclusion about this first stay factor is alone fatal to Debtor's Stay Motion, under the Sixth Circuit's decision in *Griepentrog*, quoted above. There the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.2d at 154 (citations omitted). The Debtor has not made such a showing, so the Stay Motion must be denied for this reason alone.

**2. Factor No. 2 (likelihood of irreparable harm to Debtor)**

Nor has the Debtor demonstrated that the second stay factor, "the likelihood that the moving party will be irreparably harmed absent a stay," favors a stay pending appeal. The Debtor's argument on this factor is that "[t]he Debtor is currently facing a wage garnishment that

is insufficient. Debtor's Stay Motion does not cite any specific cases, statutes, or rules which support his position.

Contrary to Debtor's belief, the Court concludes that Debtor's likelihood of prevailing on the merits of his appeal is very low. This is so for the reasons stated in the Court's bench opinion of May 6, 2015 and in the written supplement to that opinion filed the next day. Based on the statutes cited in the Court's May 7, 2015 written supplement (Docket # 17) — 11 U.S.C. §§ 105(a) and 707(a)(2), and 28 U.S.C. § 1930(a) — the Court concludes that it committed no error in entering the Dismissing Order. Debtor's argument — that the Court could not dismiss this case for unpaid filing fees in *prior* cases, as long as the Debtor paid the filing fee for *this* case — is simply wrong, and Debtor has cited no authority that supports his argument.

Thus, the first stay factor weighs strongly against granting a stay pending appeal.

The Court's conclusion about this first stay factor is alone fatal to Debtor's Stay Motion, under the Sixth Circuit's decision in *Griepentrog*, quoted above. There the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.2d at 154 (citations omitted). The Debtor has not made such a showing, so the Stay Motion must be denied for this reason alone.

**2. Factor No. 2 (likelihood of irreparable harm to Debtor)**

Nor has the Debtor demonstrated that the second stay factor, "the likelihood that the moving party will be irreparably harmed absent a stay," favors a stay pending appeal. The Debtor's argument on this factor is that "[t]he Debtor is currently facing a wage garnishment that

will make it difficult, if not impossible, for him to maintain his current housing, transportation, and ability to support his family. The loss of this ability will bring about both tangible and intangible harm to the Debtor."[5]

These vague allegations are insufficient to satisfy the Debtor's burden of showing "*irreparable* harm." "'The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.'" *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (footnotes and citation omitted). For these reasons, the Court finds that the Debtor has failed to demonstrate that he has a likelihood of suffering irreparable harm absent a stay pending appeal.

   3. **Factor Nos. 3 and 4 (harm to others; the public interest)**

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," weigh against granting a stay pending appeal. A stay pending appeal would unduly delay Debtor's creditors, including the judgment creditor who allegedly is garnishing Debtor's wages, from exercising their rights under state law to collect their debts. The Debtor, on the other hand, has already had the benefit of the bankruptcy automatic stay four different times, which gave him multiple lengthy breathing spells from paying his debts by filing for bankruptcy relief under Chapter 7 in this case, and in three prior cases.[6] But Debtor has failed to pay the required filing fee for two of those cases.

---

[5] Stay Mot. (Docket # 48) at 2 ¶ 8.

[6] The Debtor has filed four Chapter 7 bankruptcy cases:

1. Case No. 09-46016, filed on March 3, 2009 and dismissed on March 13, 2009 for Debtor's failure to file a creditor mailing matrix, with Debtor having failed to pay the filing fee;

6

While it is true that federal bankruptcy law generally gives debtors a right to seek relief from their creditors, it does not permit debtors to seek such relief without paying the filing fees required by federal statute.

Thus, none of the relevant factors weigh in favor of granting a stay pending appeal. In the exercise of its discretion under Fed.R.Bankr.P. 8007, the Court will deny Debtor's Stay Motion.

## III. Conclusion

For the reasons stated in this opinion, the Court will enter an order denying Debtor's Stay Motion.

**Signed on November 13, 2015**              /s/ Thomas J. Tucker
                                             **Thomas J. Tucker**
                                             **United States Bankruptcy Judge**

---

2. Case No. 09-56797, filed on May 28, 2009 and dismissed on June 15, 2009 due to Debtor's failure to file required documents, with Debtor having failed to pay the filing fee;

3. Case No. 09-70287, filed on September 30, 2009 and dismissed on January 19, 2010 due to Debtor's failure to pay the filing fees for Case Nos. 09-46016 and 09-56797; and

4. This case (Case No. 15-45780), filed on April 13, 2015 and dismissed on September 14, 2015.